Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6955 | **DATE** | 2/15/2011 |
| **CASE TITLE** | USA vs. Shalonda Brown (#18655-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's motion for an extension of time to file a reply is granted. Since Defendant is proceeding *pro se*, we will grant Defendant's request for additional time and will give Defendant 30 additional days to reply to the Government's opposition. Defendant's reply is due by March 24, 2011. Defendant's motion for appointment of counsel is denied.

■[ For further details see text below.]

Docketing to mail notices.

## STATEMENT

  This matter is before the court on Petitioner Shalonda Brown's (Brown) *pro se* motion for an extension of time to reply to the Government's brief in opposition to Brown's motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Section 2255 Motion). Brown requests 30 to 60 days to reply to the Government's opposition. Brown previously made a request for leave to file a reply, and the court granted Brown leave to file a reply to the Government's opposition by February 24, 2011. Since Brown is proceeding *pro se*, we will grant Brown's request for additional time and will give Brown 30 additional days to reply to the Government's opposition. Brown's reply is due by March 24, 2011.

  Brown also makes a request in her *pro se* motion for an appointment of counsel. An indigent civil litigant does not have a right to appointed counsel. *Forbes v. Edgar*, 112 F.3d 262, 264 (7th Cir. 1997); *see also Oliver v. United States*, 961 F.2d 1339, 1343 (7th Cir. 1992)(stating that "[a] section 2255 proceeding is an independent civil suit for which there is no constitutional right to appointment of counsel"). However, a court, in its discretion, can appoint counsel for indigents in a civil action pursuant to 28 U.S.C. § 1915(e)(1). In determining whether to appoint counsel for a civil litigant, a court must consider the following factors: "(1) has the indigent plaintiff made a reasonable attempt to obtain counsel or been effectively precluded from

| STATEMENT |
|---|

doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?" *Pruitt v. Mote*, 503 F.3d 647, 654, 661 (7th Cir. 2007)(stating that there is no presumption in favor of granting or denying a motion for appointment of counsel and that each motion is to be considered individually). In considering the competency factor, the court must determine "whether the difficulty of the case-factually and legally-exceeds the particular plaintiff's capacity as a layperson to coherently present it to the judge or jury himself." *Id.* at 655 (stating that "[t]he question is not whether a lawyer would present the case more effectively than the pro se plaintiff; 'if that were the test, district judges would be required to request counsel for every indigent litigant'")(quoting *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006)). In assessing competency, the court must consider "whether the plaintiff appears competent to litigate his own claims, given their degree of difficulty, and this includes the tasks that normally attend litigation: evidence gathering, preparing and responding to motions and other court filings, and trial." *Id.* (emphasis omitted). In ruling on a motion for appointment of counsel, the court should take into consideration "the plaintiff's literacy, communication skills, educational level, and litigation experience" and evaluate "evidence in the record bearing on the plaintiff's intellectual capacity and psychological history," including "any information submitted in support of the request for counsel, as well as the pleadings, communications from, and any contact with the plaintiff." *Id.* (stating that "in some cases-perhaps many cases-the record may be sparse" and that "[t]he inquiry into the plaintiff's capacity to handle his own case is a practical one, made in light of whatever relevant evidence is available on the question").

In the instant action, Brown has not shown that this case is overly complex or difficult, factually or legally. We have considered the entire record in this case at this juncture, as it reflects on Brown's ability to coherently present her Section 2255 Motion as a layperson and her ability to perform the tasks that normally attend litigation. We conclude that, based upon the record before us, Brown is competent to present her Section 2255 Motion at this juncture without the assistance of appointed counsel. Therefore, we find that an appointment of counsel is not warranted at this juncture, and we deny the motion for appointment of counsel.