Order Form (01/2005)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6955 | **DATE** | 3/25/2011 |
| **CASE TITLE** | USA vs. Shalonda Brown (#18655-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Defendant's *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 is denied. All pending dates and motions are hereby stricken as moot. Civil case terminated.

■[ For further details see text below.]   Docketing to mail notices.

## STATEMENT

    This matter is before the court on Shalonda Brown's (Brown) *pro se* motion to vacate, set aside, or correct her sentence pursuant to 28 U.S.C. § 2255 (Section 2255). Section 2255 provides that "[a] prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." *Id.* The relief sought in a Section 2255 motion "is an extraordinary remedy because it asks the district court essentially to reopen the criminal process to a person who already has had an opportunity for full process." *Almonacid v. United States*, 476 F.3d 518, 521 (7th Cir. 2007).

    In case number 06 CR 324, Brown was charged in Count One of the indictment, which charged her with conspiracy to possess with intent to distribute and to distribute a controlled substance in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2. On June 24, 2008, Brown entered a blind plea of guilty on Count One. On November 18, 2009, Brown was sentenced to 188 months imprisonment. The docket does not reflect that Brown ever filed an appeal of her sentence.

    Brown filed the instant Section 2255 motion on October 28, 2010, and on December 28, 2010, the

| STATEMENT |
|---|

Government responded to the Section 2255 Motion. On January 20, 2011, the court granted Brown's request for leave to file a reply brief, and on February 15, 2011, the court granted Brown's request for an extension to file a reply brief until March 24, 2011. The deadline has passed and the docket does not reflect that Brown filed a reply brief.

Brown asserts in her Section 2255 Motion the following: (1) that her conviction was obtained by use of evidence gained through an unconstitutional search and seizure (Claim 1), and (2) that she was denied effective assistance of counsel by her trial counsel (Claim 2). In regard to Claim 1, whether or not there was sufficient evidence for a trier of fact to convict Brown on Count One is moot in light of the fact that she pled guilty in this action. Also, even if Claim 1 was not moot, Brown has not shown that the claim has any merit.

In regard to Claim 2, Brown did not file an appeal of her sentence, and thus never raised this issue on appeal. The Seventh Circuit has made clear that "[a] Section 2255 motion is neither a recapitulation of nor a substitute for a direct appeal." *Olmstead v. United* States, 55 F.3d 316, 319 (7th Cir. 1995)(quoting *Daniels v. United States*, 26 F.3d 706, 711 (7th Cir. 1994)). Brown cannot pursue claims in her Section 2255 motion that she did not pursue on her direct appeal. Brown has not provided any reason why she was prevented from bringing an appeal and raising the ineffective assistance of counsel argument on appeal. *See, e.g., Barker v. United States*, 7 F.3d 629, 632 (7th Cir. 1993)(explaining that good cause for not bringing an ineffective assistance of counsel claim on direct appeal would be when "his attorney on direct appeal was also his trial counsel").

The court notes that even if Brown had filed an appeal in her criminal action, she has not provided sufficient allegations to properly raise a claim in her Section 2255 Motion. Brown contends that her counsel "did not object to [the] prosecutor's false statements and evidence." (Mot. 4). However, Brown pled guilty in her criminal action before going to trial. Brown also makes conclusory statements regarding Claim 2. Brown alleges that her attorney did not represent Brown "to the fullest extent," did not "have [Brown's] best interest" in mind, and "did not act favorably for [Brown's] welfare." (Mot. 4). Such statements fail to specifically identify any conduct by her counsel that would be the basis of a Section 2255 claim. Thus, Claim 2 is without merit. Based on the above, Brown has not shown that she is in custody pursuant to a sentence that was imposed in violation of the Constitution or laws of the United States, and the court denies

| **STATEMENT** |
|---|
| the Section 2255 motion. |