# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | Samuel Der-Yeghiayan | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| **CASE NUMBER** | 10 C 6955 | **DATE** | 9/30/2011 |
| **CASE TITLE** | USA vs. Shalonda Brown (#18655-424) | | |

**DOCKET ENTRY TEXT**

For the reasons stated below, Respondent's Motion to Strike Governt's [sic] Response To Petitioner's Motion Pursuant to 28 U.S.C. § 2255 And Amendment to State Other Requisite Grounds [12] is denied.

■[ For further details see text below.]   Docketing to mail notices.

# STATEMENT

    This matter is before the court on Shalonda Brown's (Brown) *pro se* "Motion to Strike Governt's [sic]Response To Petitioner's Motion Pursuant to 28 U.S.C. § 2255 And Amendment to State Other Requisite Grounds."  (Mot. 1).  In case number 06 CR 324, Brown was charged in Count One of the indictment with conspiracy to possess with intent to distribute and to distribute a controlled substance in violation of 21 U.S.C. § 846 and 18 U.S.C. § 2.  On June 24, 2008, Brown entered a blind plea of guilty on Count One.  On November 18, 2009, Brown was sentenced to 188 months imprisonment.  The docket does not reflect that Brown ever filed an appeal of her sentence.

    On October 28, 2010, Brown filed a motion in this case pursuant to 28 U.S.C. § 2255 (Section 2255 Motion) seeking to have her sentence vacated, and on December 28, 2010, the Government responded to the Section 2255 Motion.  On January 20, 2011, the court granted Brown's request for leave to file a reply brief, and on February 15, 2011, the court granted Brown's request for an extension to file a reply brief until March 24, 2011.  The deadline  passed and Brown did not file a reply brief.  On March 25, 2011, the court denied the Section 2255 Motion.

    Since Brown is proceeding *pro se*, the court will liberally construe the instant motion as a motion for

**STATEMENT**

reconsideration of the denial of her Section 2255 Motion. Brown appears to seek leave to present the arguments that she intended to present in her reply brief in support of the Section 2255 Motion. Even when considering the arguments in the instant motion, Brown has failed to show that her Section 2255 Motion should have been granted. Brown makes certain allegations in her instant motion such as that her "Counsel did not advise [her] of a direct appeal." (Mot. 1). Regardless of whether her counsel informed her of a right to appeal, the court advised Brown of that right at her sentencing hearing.

Brown also argues that there was "[s]cant evidence" presented at her sentencing hearing concerning her role in the offense to support the guidelines calculations. (Mot. 3). However, as stated by the court at Brown's sentencing hearing, there was ample evidence to show that Brown acted as a shift supervisor in the conspiracy and performed various tasks for the conspiracy. Brown also contends that she was not allowed to cross-examine a confidential informant at her sentencing hearing. (Mot. 3-4). However, the statements made by the informant were sufficiently reliable to be considered at sentencing. *See United States v. White*, 639 F.3d 331, 338 (7th Cir. 2011)(stating that the "the Federal Rules of Evidence do not apply at sentencing hearings—the only question is whether the evidence was 'reasonably reliable'")(quoting *United States v. Morris*, 76 F.3d 171, 174 (7th Cir. 1996)). In addition, and as the court stated at Brown's sentencing hearing, there was evidence in addition to the confidential informant's statements that showed Brown's activities in the conspiracy. Brown has not pointed to any error by the court in her sentencing or shown that the Government failed to meet its burden to establish her role in the offense by a preponderance of the evidence. Brown has not presented any arguments in the instant motion that show that her sentence should be vacated. Therefore, the instant motion is denied.